UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| SONTAY T. SMOTHERMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>H. JOYNER, Warden, )<br>)<br>Respondent. ) | Case No. 7:19-cv-00053-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

Sontay Smotherman is a federal inmate confined at the Federal Correctional Institution—Cumberland in Cumberland, Maryland.[1] Last summer, Smotherman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting immediate placement in the Federal Bureau of Prison's intensive Residential Drug Abuse Program. Smotherman also filed an interlocutory appeal of the Court's decision to deny his motion to proceed *in forma pauperis* without prejudice. That interlocutory appeal has now been dismissed for lack of appellate jurisdiction. Accordingly, the Court will once again address Smotherman's fee motion and perform a preliminary evaluation of his § 2241 petition. For the reasons that follow, Smotherman's motion to proceed *in forma pauperis* will be renewed and **GRANTED**, but his § 2241 petition will be **DENIED**.

I

Last summer, Smotherman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] In his petition, Smotherman takes issue with the Federal Bureau of

---

[1] *See* BOP Online Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed May 7, 2020). At the time Smotherman filed his 28 U.S.C. § 2241 petition, he was an inmate at the United States Penitentiary—Big Sandy in Inez, Kentucky. [R. 1.]

Prisons's ("BOP's") decision not to transfer him to the Residential Drug Abuse Program ("RDAP"). [R. 1-1.] The petition indicates that Smotherman wishes to begin RDAP treatment immediately in order to reap the full benefits of the program—i.e., early release.

Along with his petition, Smotherman filed a motion for leave to proceed *in forma pauperis*. [R. 3.] Because the Court believed Smotherman failed to include the appropriate financial documentation [*see* R. 4], the Court denied Smotherman's fee motion without prejudice and directed Smotherman to provide additional information. [R. 6.] Rather than comply with that order, however, Smotherman appealed the denial of his fee motion. [R. 11.] That appeal, which began pending in September 2019, has now been resolved.

On May 6, 2020, the United States Court of Appeals for the Sixth Circuit dismissed Smotherman's interlocutory appeal for lack of jurisdiction. Nevertheless, the Sixth Circuit noted its belief that Smotherman had already provided the financial information necessary for the Court to properly evaluate his motion to proceed *in forma pauperis*. [R. 16.] Consistent with the Sixth Circuit's Order, the Court will reevaluate Smotherman's fee motion based solely on the record before it.

Based on the financial information previously submitted by Smotherman, the Court will renew and simultaneously grant his motion to proceed *in forma pauperis.* [*See* R. 3; R. 4.] The $5.00 filing fee ordinarily due in this matter will thus be waived, and Smotherman's petition is now before the Court for a preliminary screening. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. Ap'x 544, 545 (6th Cir. 2011).

Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241

2

petitions pursuant to Rule 1(b)).  The Court evaluates Smotherman's petition under a more lenient standard because he is proceeding without an attorney, and, at this stage of the proceedings, the Court accepts his factual allegations as true and construes all legal claims in his favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**II**

Despite the leniency afforded to *pro se* petitioners, the Court must deny Smotherman's request for habeas relief.  Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may reduce the length of incarceration for certain nonviolent offenders as an incentive for their completion of a residential substance abuse treatment program, such as RDAP.  However, an inmate's ability to participate in RDAP—and whether or not that participation ultimately results in a reduction to the inmate's sentence—are matters solely committed to the BOP's discretion.

18 U.S.C. § 3621(e) "does not implicate a constitutionally-protected liberty interest because it does not mandate a sentence reduction."  *Heard v. Quintana*, 184 F. Supp. 3d 515, 519 (E.D. Ky. 2016).  Accordingly, Smotherman "has no liberty interest in discretionary release from prison prior to the expiration of his or her sentence.  Nor does a prisoner have a liberty or property interest in participating in a prison rehabilitation program."  *Id.* (internal citations omitted); *see also Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950, at *2 (6th Cir. 2000) (noting same); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (same).  As a result, Smotherman is not entitled to a writ of habeas corpus.

Put another way, even when an inmate successfully completes RDAP, the BOP still enjoys the discretion to deny that inmate early release.  *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Orr v. Hawk*, 156 F.3d 651, 653-54 (6th Cir. 1998).  Under the relevant regulation, an

inmate may, not must, receive incentives for satisfactory RDAP participation. *See* 28 C.F.R. § 550.54(a). Thus, even if the BOP did place Smotherman in RDAP right away, Smotherman would still be guaranteed no incentives. The matter remains within the BOP's discretion.

Finally, to the extent Smotherman contends the BOP failed to abide by its own regulations and Program Statements [*see* R. 1-1 at 2], he is still not entitled to habeas relief. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison", not to "confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). An agency's alleged failure to adhere to its own policies does not on its own state a due process claim. *See, e.g.*, *Bonner v. Federal Bureau of Prisons,* 196 F. App'x 447, 448 (8th Cir. 2006) ("[A] violation of prison regulations in itself does not give rise to a constitutional violation."). Therefore, Smotherman's reference to BOP Program Statements has no impact on the final result.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Clerk of the Court **SHALL UPDATE** the docket sheet in this matter to reflect Petitioner Sontay Smotherman's current mailing address at FCI-Cumberland;

2. Petitioner Smotherman's motion for leave to proceed *in forma pauperis* [R. 3] is **RENEWED** and **GRANTED**;

3. The $5.00 filing fee due in this matter is **WAIVED**;

4. Smotherman's petition for a writ of habeas corpus [R. 1] is **DENIED**;

5. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

6. Judgment shall be entered contemporaneously herewith.

This the 8th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge